UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


OMOWALE ASHANTI SHABAZZ #244104,
aka FRED E. DEAN,

    Plaintiff,

v.                                        3:11-cv-11


DR. RONALD HIGGS, et al.,

    Defendants.


## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Pursuant to the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See Omawali Ashanti Shabazz, aka Fred E. Dean, v. Donal Campbell*, Civil Action No. 3:99-cv-1118 (M.D. Tenn. December 8, 1999) (order dismissing case *sua sponte* pursuant to the three-strike rule).

Plaintiff is an inmate at the Morgan County Correctional Complex. He alleges he tested positive for Hepatitis B in 1996, while in the custody of the Tennessee Department of Correction (TDOC), and subsequently tested positive for Hepatitis C while still in TDOC custody. Plaintiff further alleges that at no time during his incarceration has he received any treatment for either Hepatitis B or C, although he has received sporadic monitoring and blood work. According to plaintiff, the failure to treat his hepatitis has put him at increased risk for liver cancer, cirrhosis of the liver, and premature death. For that reason, plaintiff contends his life is in imminent danger and he should be permitted to proceed as a pauper.

Under the circumstances, the court finds plaintiff's allegation of danger is not sufficient to apply the exception to the three-strike rule. Hepatitis is a progressive disease. To fall within the "imminent danger of serious physical injury" exception a plaintiff must allege an "immediate" danger. *Davis v. Cook*, 4 F. App'x 261, 262, (6th Cir. 2001). In addition, a dispute over medical treatment generally will not fall within the "imminent danger" exception. *See Sweatt v. Tennessee Department of Corrections*, 3 F. App'x 438 (6th Cir. 2001); *see also Gallagher v. McGinnis*, 2000 WL 739285 (E.D. La. June 5, 2000); *Carson v. TDCJ-ID*, 1998 WL 906989 (N.D. Tex. December 17, 1998).

Accordingly, in order to file this action, plaintiff must prepay the entire $350.00 filing fee. Leave to proceed *in forma pauperis* is **DENIED**. Plaintiff's complaint shall be filed for the purpose of making a record and for statistical purposes, and shall be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strike rule of 28 U.S.C. § 1915(g).

**E N T E R:**

                                                    s/ Thomas W. Phillips
                                                United States District Judge